IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JALIL SERUGE,<br><br>              Plaintiff,<br><br>     v.<br><br>HAWAIIAN PROPERTIES, LTD., *et al.*,<br><br>              Defendants. | CV. NO. 18-00024 DKW-KSC<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND MOTION FOR APPOINTMENT OF PRO BONO COUNSEL** |

## INTRODUCTION

On January 17, 2018, Plaintiff Jalil Seruge, proceeding pro se, filed a Complaint alleging age and national origin discrimination by Hawaiian Properties, Ltd., Hawaii Civic Service, Inc., and Thomas Dulan.   Dkt. No. 1.   Seruge also filed an incomplete application to proceed *in forma pauperis* ("IFP Application") and a Motion for Appointment of Pro Bono Counsel.[1]   Dkt. Nos. 4 and 5.   The Complaint fails to include factual allegations demonstrating that Seruge's rights have been violated or that he is plausibly entitled to relief from any Defendant. Because Seruge fails to state a cognizable claim for relief or establish this Court's

---

[1]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

subject matter jurisdiction, the Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below. The incomplete IFP Application and Motion for Appointment of Pro Bono Counsel are denied without prejudice, pending the filing of an amended complaint.

## DISCUSSION

Because Seruge is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

## I. Plaintiff's IFP Application Is Denied Without Prejudice

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay

the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The Court cannot consider Plaintiff's IFP Application because it is incomplete. Although he indicates that he has $50.00 in a checking or savings account, no regularly monthly expenses, no dependents, and no debt, Seruge failed to indicate whether he is currently employed or has any sources of income, such as from a pension, annuity, disability payment, or from "any other sources." *See* Dkt. No. 4 at 1. Because he has not provided responses to the sections of the IFP Application form regarding employment or income, the Court is unable to determine whether Seruge has made the required showing under Section 1915 to proceed

without prepayment of fees, and denies his IFP Application without prejudice.   If

he elects to file an amended complaint, as discussed below, Seruge may resubmit a

complete, fully executed IFP Application on the court's form or pay the civil filing

fee in full.   The failure to do so will result in the dismissal of this action without

further consideration of the merits of Seruge's claims.

## II.   The Complaint Is Dismissed With Leave To Amend

Upon review of the Complaint, the Court finds that Seruge fails to state a

claim upon which relief may be granted or to establish a basis for the Court's subject

matter jurisdiction.   As discussed below, even liberally construed, the Complaint

fails to allege any discernable basis for judicial relief against any party.

### A.   Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C.

§ 1915(a) to mandatory screening and can order the dismissal of any claims it finds

"frivolous, malicious, failing to state a claim upon which relief may be granted, or

seeking monetary relief from a defendant immune from such relief."   28 U.S.C.

§ 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory

or the absence of sufficient facts alleged.'"   *UMG Recordings, Inc. v. Shelter

Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v.

Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).   A plaintiff must allege

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Seruge fails to meet this standard.

**B.**    **The Complaint Is Dismissed With Leave to Amend**

Even given a liberal construction, the allegations in the Complaint fail to state a plausible claim against any Defendant. The Complaint does not set forth identifiable causes of action, and does not provide sufficient factual content to enable the Court to draw the reasonable inference that any Defendant is liable for the misconduct alleged or that the allegations state cognizable legal claims. Although the factual averments in the Complaint are not entirely clear, Seruge appears to allege that he suffered discrimination and/or retaliation based upon his age, national origin and/or race when his car was maliciously towed from the parking lot of his residence by the building manager, and that the management company took no action when he complained about the towing. Assuming the truth of his allegations, however, dismissal of the Complaint is necessary due to the "lack of a cognizable legal theory [and] the absence of sufficient facts alleged.'" *UMG Recordings, Inc.*, 718 F.3d at 1014.

Seruge lives in an apartment at Haleiwa Senior Citizen Housing Center, which he alleges is managed by Defendant Hawaiian Properties, Ltd. or Hawaiian Property Management ("HPM"), receives funds from "HUD/USDA," and is "wasting time and tax payers['] money and federal government subsi[di]ze[d] money," in light of the conduct of its employee, on-site manager Defendant Thomas Gulan. Compl. Ex. 1 at 2, Dkt. No. 1-1. According to Seruge, on May 31, 2016,

Gulan directed him to park his van in a handicap parking stall because Seruge has a handicap placard hanging on the mirror.   Compl. Ex. 1 at 1.   The next day, however, Gulan called a towing company and had Seruge's van towed, without notifying Seruge in advance.   Seruge alleges that Gulan notified owners of the other cars in the parking lot that their cars would be towed, and that as a result, his van was the only vehicle towed on that day.   Compl. Ex. 1 at 1.   He asserts that Gulan "purposely told me to park in the stall and then he got my car towed . . . with a handicap placard.   I have been dealing with discrimination for months and I have been set up."   Compl. Ex. 1 at 2.   Seruge states in a June 8, 2016 letter to HPM, without providing specific names, dates, or other details, "I have been called Arab, immigrant, minority and told to go home."   Compl. Ex. 1 at 2–3.

In his Complaint, Seruge explains that he attempted to sue the towing company and report his issues with HPM and Gulan to HUD and USDA:

> On June 29, 2016 I took . . . the towing company to court. . . . On July 20, 2016 Honorable Judge Melanie May dismissed my case.   BIASED.   On March 1, 2017, I went to court, Honorable Judge Ching Hon dismissed my case.   BIASED.
>
> Lawyer from the JAG office Schofield . . . helped me to go to HUD and complain[].   HUD and USDA did the investigation.
>
> Jelani Madaraka, the HUD investigator, dismissed my case. . . . Jelani Madaraka behaves as fraudulent, corrupt member of HUD, etc.   Jelani Madaraka betrayed me Jalil Seruge, the poor Palestinian to be friends with HPM.

Compl. at 2–3.   Seruge states that for "past two years, I didn't sleep good at all, for the mental elder abuse, and suffering[,] distress[,] etc. which I have from the HMP and Court."   Compl. at 3.

These allegations of the Complaint suffer from several deficiencies.   First, the Complaint fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1).   A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.   *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").   That is the case here.   Seruge does not clearly identify in any coherent or organized manner the separate causes of action that he is asserting, nor does he provide specific factual allegations to support his legal conclusions.   Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any claim is based, other than Seruge's allegation that he suffered discrimination as a result of his age and

national origin, and his dissatisfaction with the results of prior investigations and state court proceedings. *See* Compl. at 1–4.

Second, insofar as he seeks damages for violations of his federal constitutional rights, Seruge fails to satisfy the pleading requirements to state a claim under 42 U.S.C. § 1983.[2]  In order to state a Section 1983 claim, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Seruge alleges neither. Even though he concludes he "has been discriminated against by the Hawaiian Property Management," because of his national origin, Seruge's factual allegations supporting the claim are largely incomprehensible.  Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the Complaint fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

---

[2]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Accordingly, any Section 1983 claim is dismissed.

Finally, to the extent he complains of acts that were the subject of prior judicial proceedings or government agency adjudications, those claims or issues that were previously decided by a competent tribunal may be barred by the doctrines of *res judicata* and/or collateral estoppel (or "claim preclusion" and "issue preclusion").[3] Because the Court cannot determine with any certainty whether Seruge has actually raised these claims or issues, and whether any body has entered a final judgment on the merits, it is not clear whether either of these doctrines presently bars any portion of Seruge's allegations. Seruge is cautioned, however, that these doctrines may operate to bar any claims or issues that were decided or could have been decided in his prior cases. Moreover, to the extent he is unsatisfied with the outcome of his state court cases, he may not seek appellate review in federal

---

[3]"[C]laim preclusion prevents a party from relitigating not only issues which were actually litigated in a prior action, but also all grounds of claim and defense which might have been properly litigated in the prior action." *Hanson v. Palehua Cmty. Ass'n*, 2013 WL 1751504, at *7 (D. Haw. Apr. 23, 2013), *aff'd*, 599 F. App'x 299 (9th Cir. 2015) (citations omitted). "[I]ssue preclusion similarly prevents a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *Id.* (citation omitted).

court based on the decisionmaker's alleged "bias," but must appeal those matters in state court.[4]

In sum, because Seruge fails to state a plausible claim for relief, the Complaint is DISMISSED. Because amendment *may* be possible, Seruge is granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.

### C.     Subject Matter Jurisdiction Not Clearly Alleged

Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements."). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

---

[4]Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina,* 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Although not entirely clear, to the extent Plaintiff contests the dismissal of his state court actions, any such challenge must be made through the state court appellate process. Seruge may neither collaterally attack nor seek to relitigate such state court determinations in this Court.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways. First, he may assert federal question jurisdiction based on allegations that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The United States Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Second, a plaintiff may invoke the court's diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, a plaintiff must establish

complete diversity of the parties.  *See Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").

Plaintiff has not identified a jurisdictional basis for this case.  *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.").  Seruge fails to establish either diversity or federal question jurisdiction.  First, although he does not allege the citizenship of any party for purposes of Section 1332(a), it appears that all parties are citizens of Hawaiʻi.  Next, his bare allegations of "discrimination," without more, are not sufficient to create federal question jurisdiction.  Any such cause of action is "so patently without merit as to justify the court's dismissal for want of jurisdiction."  *Duke Power Co. v. Carolina Environmental Study Group, Inc*., 438 U.S. 59, 70 (1978); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("It is not enough to utter the word 'Constitution' and then present a claim that rests on state law.  If it were, every claim that a state employee committed a tort, or broke a contract, could be litigated in federal court.  It is therefore essential that the federal claim have some substance—that it be more than a pretext to evade the rule that citizens of a single state must litigate their state-law disputes in state court.").

Moreover, any grievances sounding in tort (*e.g.*, fraud, intentional and/or negligent misrepresentation, among others) are state law claims that may be appropriately brought in Hawaii state courts. These claims may not, however, be brought in federal court, absent a clearly-pled basis for federal jurisdiction. *See Thompson*, 99 F.3d at 353 ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Accordingly, given the absence of a clearly-alleged basis for this Court's subject matter jurisdiction, the Complaint is dismissed with leave to amend, as detailed below.

## III. The Motion For Appointment Of Counsel Is Denied Without Prejudice

The Court next turns to Seruge's request for counsel. Seruge filed a Motion for Appointment of Pro Bono Counsel utilizing the Court's form. However, he did not complete all of the necessary portions of the form, including describing (1) his efforts to obtain legal counsel, and (2) the reason he needs appointed pro bono counsel in this matter. Dkt. No. 5. Under the circumstances, the Court is unable to assess his request at this time.

A district court may, under the discretionary authority conferred upon it under 28 U.S.C. § 1915(e)(1), designate counsel to represent an indigent civil litigant. There is no absolute right to counsel in civil proceedings, *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994), and counsel may be designated under

section 1915 only in "exceptional circumstances." *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these factors is dispositive and both must be viewed together before reaching a decision on a request for counsel under section 1915. *Wilborn*, 789 F.2d at 1331; *see also Hicks v. Makaha Valley Plantation Homeowners Ass'n*, 2015 WL 1608454, at *3 (D. Haw. Apr. 9, 2015) (denying request for appointment of counsel in case alleging discriminatory practice under the Fair Housing Act, 42 U.S.C. § 3613(b), finding no exceptional circumstances where the Court was unable to determine whether certain claims were "patently frivolous" and was "unable to find any factual allegations supporting Plaintiffs' claims that Defendants' actions were discriminatory under the Fair Housing Act, and thus, Plaintiffs have not demonstrated that their race and disability discrimination claims have merit").

Because the Court has dismissed Seruge's Complaint and granted leave to amend in accordance with the terms of this order, his Motion for Appointment of Pro Bono Counsel is denied without prejudice, pending the filing of an amended complaint and IFP Application.

## IV. <u>Limited Leave To Amend Is Granted</u>

The Complaint is dismissed without prejudice and Seruge is granted leave to amend to attempt to cure the deficiencies identified above.   If Seruge chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant.   If Seruge fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading.   *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).   Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed.   *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice

need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Seruge may include only one claim per count. Failure to file an amended complaint by **February 23, 2018** will result in the automatic dismissal of this action without prejudice.

## CONCLUSION

Based upon the foregoing, Seruge's Complaint is DISMISSED with leave to amend. Seruge is granted leave to file an amended complaint in accordance with the terms of this Order by **February 23, 2018**. The Court CAUTIONS Seruge that failure to file an amended complaint by **February 23, 2018** may result in the automatic dismissal of this action without prejudice.

Seruge's IFP Application (Dkt. No. 4) and Motion for Appointment of Pro Bono Counsel (Dkt. No. 5) are DENIED without prejudice. If he elects to file an amended complaint, Seruge shall file a fully executed IFP Application or pay the requisite filing fee by **February 23, 2018**.

The Clerk of Court is DIRECTED to mail Seruge a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) so that he may comply with the directions in this Order.

IT IS SO ORDERED.

Dated: January 22, 2018 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*Seruge v. Hawaiian Properties, Ltd. et al.* CV 18-00024 DKW-KSC; **ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**