IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| JALIL SERUGE,<br><br>       Plaintiff,<br><br>       v.<br><br>HAWAIIAN PROPERTIES, LTD., *et al.*,<br><br>       Defendants. | CV. NO. 18-00024 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

## **INTRODUCTION**

On January 17, 2018, Plaintiff Jalil Seruge, proceeding pro se, filed a Complaint alleging age and national origin discrimination by Hawaiian Properties, Ltd., Hawaii Civic Service, Inc., and Thomas Dulan. Dkt. No. 1. Seruge also filed an incomplete application to proceed *in forma pauperis* ("IFP Application") and a Motion for Appointment of Pro Bono Counsel. Dkt. Nos. 4 and 5. In a January 22, 2018 Order, the Court dismissed the Complaint with leave to amend, and denied without prejudice the incomplete IFP Application and Motion for Appointment of Pro Bono Counsel, pending the filing of an amended complaint. Dkt. No. 8 (1/22/18 Order). The 1/22/18 Order granted Seruge until February 23, 2018 to file an amended complaint, and to either file a fully executed IFP Application or pay the

requisite filing fee.   Seruge has yet to file an amended complaint or IFP Application, or pay the requisite filing fee, or respond to the Court's 1/22/18 Order in any other fashion.   As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").   More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).   Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).   Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

The Court's 1/22/18 Order was clear:

> Because Seruge fails to state a cognizable claim for relief or establish this Court's subject matter jurisdiction, the Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below. The incomplete IFP Application and Motion for Appointment of Pro Bono Counsel are denied without prejudice, pending the filing of an amended complaint.
>
> ****
>
> The Complaint is dismissed without prejudice and Seruge is granted leave to amend to attempt to cure the deficiencies identified above. If Seruge chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Seruge fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.
>
> An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

> The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the prior complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Seruge may include only one claim per count. Failure to file an amended complaint by **February 23, 2018** will result in the automatic dismissal of this action without prejudice.
>
> \*\*\*\*
>
> Based upon the foregoing, Seruge's Complaint is DISMISSED with leave to amend. Seruge is granted leave to file an amended complaint in accordance with the terms of this Order by **February 23, 2018**. The Court CAUTIONS Seruge that failure to file an amended complaint by **February 23, 2018** may result in the automatic dismissal of this action without prejudice.
>
> Seruge's IFP Application (Dkt. No. 4) and Motion for Appointment of Pro Bono Counsel (Dkt. No. 5) are DENIED without prejudice. If he elects to file an amended complaint, Seruge shall file a fully executed IFP Application or pay the requisite filing fee by **February 23, 2018**.

1/22/18 Order at 1–2, 16–17.

Seruge's failure to comply with the 1/22/18 Order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d

4

at 991). Seruge offers no excuse or explanation for his failure to file a First Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Seruge failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* 1/22/18 Order at 16–17. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Seruge's failure to file an amended complaint, as directed by the Court in its 1/22/18 Order.

The Court attempted to avoid outright dismissal of this action by granting Seruge the opportunity to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Seruge's voluntary failure to

comply with the Court's Order.  Under the present circumstances, less drastic alternatives are not appropriate.  The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.  On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: March 1, 2018 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge